IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRISTIN EGBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v ) | No. 3:14-cv-01163-SMY-DGW |
| ) | |
| MONROE COUNTY and ) | |
| CARL D. WUERTZ, in his Individual ) | **PLAINTIFF DEMANDS JURY** |
| and Official Capacity ) | **TRIAL ON ALL COUNTS** |
| ) | |
| Defendants. ) | |

## COMPLAINT

### COUNT I
### *42 U.S.C. 1983*
### *(Compensatory Damages)*

COMES NOW Plaintiff, KRISTIN EGBERT, by and through her undersigned attorneys, and for Count I of her Complaint against Defendants MONROE COUNTY and CARL D. WUERTZ, in his Individual and Official Capacity states:

1.  Plaintiff Kristin Egbert lives in Waterloo, Illinois and is a resident and citizen of Monroe County, Illinois.

2.  Defendant Monroe County is a municipality located in Illinois.

3.  Defendant Carl D. Wuertz lives in Monroe County, Illinois and is a resident and citizen of Illinois.

4.  Count I is a 42 U.S.C. §1983 claim and presents a federal question; jurisdiction is proper pursuant to 28 U.S.C. 1331 and *Monell v. Dept of Soc. Serv.*, 436 U.S. 658 (1978); and venue is proper because defendant Monroe County is located in the

geographic jurisdiction of the United States Federal District Court, Southern District of Illinois.

5. Prior to the termination of her employment, plaintiff was employed by defendants in the Monroe County Assessor's Office. At the time of her termination, plaintiff was employed by defendants in a position in which political affiliation was not a legitimate expectation or requirement of the job.

6. Plaintiff Egbert was employed in a non-political and non-confidential position.

7. At all relevant times plaintiff met or exceeded defendants' reasonable employment expectations.

8. Illinois law prohibits public officials to use public resources and public offices to prepare campaign materials and campaign literature.

9. In 2014 defendant Carl Wuertz was running for reelection as Monroe County Assessor.

10. In the summer of 2014 defendant Carl Wuertz distributed campaign materials in the Monroe County Assessor's Office to staff members in the office; defendant Wuertz handed out "cozzies" promoting his reelection.

11. As Wuertz was distributing campaign materials he stated to plaintiff words to the effect "I won't give you one, you are not voting for me."

12. Defendant Wuerzt, in the summer/early fall of 2014, placed a hidden video camera in the County Assessor's office as a part of a scheme to manufacture a reason for the termination of plaintiff's employment.

13. Defendant Wuertz either pretended to prepare campaign materials speeches in the County Office or did in fact use the County Office to prepare a public speech (or speeches); in either situation, Wuertz left a speech he knew or should have known was prepared in violation of state and/or federal law on the County Assessor's desk. Wuertz intended and expected plaintiff to report and "whistleblow" his illegal activity.

14. Plaintiff, in an effort to report and preserve evidence of Wuertz' illegal activity, made a photocopy of Wuertz' illegally prepared speech.

15. Defendant Monroe County and defendant Wuertz used plaintiff's photocopying of Wuertz' illegally prepared speech as an excuse or justification for the termination of plaintiff's employment.

16. Defendants' termination of plaintiff's employment violated plaintiff's First Amendment rights of free speech and free association and was unlawful under *Rutan v. Republican Party of Illinois,* 497 U.S. 62 (1990) and its progeny.

17. As a direct and proximate result of defendants' unlawful termination of plaintiff's employment, plaintiff experienced loss of income and suffered emotional distress.

18. Plaintiff's damages for loss of income continue to accrue.

19. Plaintiff is entitled to her attorneys' fees pursuant to 42 U.S.C. §1983 and her reasonable costs and expenses in bringing this action.

WHEREFORE Plaintiff respectfully requests that the Court find in her favor and against defendants, and award plaintiff compensatory damages in excess of $75,000 for

her lost income, including front pay and back pay with interest, and her emotional distress, and plaintiff's attorneys' fees pursuant to 42 U.S.C. §1983.

## COUNT II
### *42 U.S.C. 1983*
### *(Punitive Damages)*

1. Plaintiff Kristin Egbert lives in Waterloo, Illinois and is a resident and citizen of Monroe County, Illinois.

2. Defendant Monroe County is a municipality located in Illinois.

3. Defendant Carl D. Wuertz lives in Monroe County, Illinois and is a resident and citizen of Illinois.

4. Count I is a 42 U.S.C. §1983 claim and presents a federal question; jurisdiction is proper pursuant to 28 U.S.C. 1331 and *Monell v. Dept of Soc. Serv.*, 436 U.S. 658 (1978); and venue is proper because defendant Monroe County is located in the geographic jurisdiction of the United States Federal District Court, Southern District of Illinois.

5. Prior to the termination of her employment, plaintiff was employed by defendants in the Monroe County Assessor's Office. At the time of her termination, plaintiff was employed by defendants in a position in which political affiliation was not a legitimate expectation or requirement of the job.

6. Plaintiff Egbert was employed in a non-political and non-confidential position.

7. At all relevant times plaintiff met or exceeded defendants' reasonable employment expectations.

8. Illinois law prohibits public officials to use public resources and public offices to prepare campaign materials and campaign literature.

9. In 2014 defendant Carl Wuertz was running for reelection as Monroe County Assessor.

10. In the summer of 2014 defendant Carl Wuertz distributed campaign materials in the Monroe County Assessor's Office to staff members in the office; defendant Wuertz handed out "cozzies" promoting his reelection.

11. As Wuertz was distributing campaign materials he stated to plaintiff words to the effect "I won't give you one, you are not voting for me."

12. Defendant Wuerzt, in the summer/early fall of 2014, placed a hidden video camera in the County Assessor's office as a part of a scheme to manufacture a reason for the termination of plaintiff's employment.

13. Defendant Wuertz either pretended to prepare campaign materials speeches in the County Office or did in fact use the County Office to prepare a public speech (or speeches); in either situation, Wuertz left a speech he knew or should have known was prepared in violation of state and/or federal law on the County Assessor's desk. Wuertz intended and expected plaintiff to report and "whistleblow" his illegal activity.

14. Plaintiff, in an effort to report and preserve evidence of Wuertz' illegal activity, made a photocopy of Wuertz' illegally prepared speech.

15. Defendant Monroe County and defendant Wuertz used plaintiff's photocopying of Wuertz' illegally prepared speech as an excuse or justification for the termination of plaintiff's employment.

16. Defendants' termination of plaintiff's employment violated plaintiff's First Amendment rights of free speech and free association and was unlawful under *Rutan v. Republican Party of Illinois,* 497 U.S. 62 (1990) and its progeny.

17. As a direct and proximate result of defendants' unlawful termination of plaintiff's employment, plaintiff experienced loss of income and suffered emotional distress.

18. Plaintiff's damages for loss of income continue to accrue.

19. Plaintiff is entitled to her attorneys' fees pursuant to 42 U.S.C. §1983 and her reasonable costs and expenses in bringing this action.

20. Defendant Wuertz' decision and scheme to unlawfully terminate plaintiff's employment was malicious and intended to chill plaintiff's - and others' - exercise of free speech and free association. Punitive damages are warranted.

WHEREFORE Plaintiff respectfully requests that the court find in her favor against defendants, and award plaintiff punitive damages in excess of $75,000.

PLAINTIFF KRISTIN EGBERT

By: */s/ Lee W. Barron*
Lee W. Barron (IL 06195132)
William D. Buchanan (IL 6312437)
112 Front Street
Alton, IL  62002
Phone:  618-462-9160
Fax:  618-462-9167
Lee@leebarronlaw.com
Will@leebarronlaw.com

ATTORNEYS FOR PLAINTIFF