IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KRISTIN EGBERT,

        Plaintiff,

  vs.

MONROE COUNTY, ILLINOIS and CARL D. WUERTZ, *in his Individual and Official Capacity*,

        Defendants.

Case No. 14-cv-1163-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 9). Plaintiff Kristin Egbert filed her response (Doc. 13). For the following reasons, the Court **GRANTS** Defendants' motion.

Plaintiff was an employee of the Madison County Assessor's Office while Defendant Wuertz was the Madison County Assessor. In 2014, Wuertz campaigned for reelection. Plaintiff alleges that because Wuertz believed she would not vote for him, he devised a plan to terminate her. Specifically, Plaintiff alleges that Wuertz either pretended to or actually did use office equipment to prepare a speech in violation of state and/or federal law and left a copy of the speech in the office expecting that Plaintiff would report his illegal activities. Upon her discovery of the speech, Plaintiff made a copy in order to preserve evidence of Wuertz's illegal activity. Unbeknownst to Plaintiff, Wuertz had placed a hidden video camera in the office. The videotape of Plaintiff copying the speech was used as the reason for Plaintiff's termination. Plaintiff filed the instant Complaint pursuant to 42 U.S.C. § 1983 alleging violations her First

Amendment rights of free speech and free association. Count I seeks compensatory damages, and Count II seeks punitive damages.

Defendants argue (1) Count I must be dismissed with respect to Monroe County because Plaintiff failed to allege sufficient facts to establish the alleged constitutional violation resulted from a municipal policy, custom or practice; (2) Count I must be dismissed with respect to Wuertz in his official capacity as that claim operates as a claim against Monroe County and Plaintiff has failed to alleged sufficient facts to establish the alleged constitutional violation resulted from a municipal policy, custom or practice; (3) Count II must be dismissed with respect Monroe County because Monroe County is absolutely immune from punitive damages; and (4) Count II must be dismissed with respect to Wuertz in his official capacity because punitive damages are not permitted against a government official in his official capacity.

In her response to Defendants' motion, Plaintiff states she has no objection to dismissing her claim for punitive damages against Monroe County and Wuertz in his official capacity. Accordingly, the Court grants the Motion to Dismiss to the extent it dismisses the punitive damages claim in Count II as to Madison County and Wuertz in his official capacity.

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S.

Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

To plead a municipal liability claim, a plaintiff must allege "(1) [she] suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for [the defendant]; which (3) was the proximate cause of [her] injury." *Ienco v. City of Chi.*, 286 F.3d 994, 998 (7th Cir. 2002) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)). "The Supreme Court has made it very clear that federal courts must not apply a heightened pleading standard in civil rights cases alleging § 1983 municipal liability." *McCormick v. City of Chi.*, 230 F.3d 319, 323 (7th Cir. 2000) (citing *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993)). In *McCormick v. City of Chicago*, the Seventh Circuit indicated that conclusory allegations of the basis of a municipal liability claim are sufficient to put the defendant on notice of the claim against it. *McCormick*, 230 F.3d at 325. The Court notes that other district courts in this Circuit have continued to apply the *McCormick* pleading standard in *Monell* claims even after *Twombly*. *Padilla v. City of Chi.*, No. 07-CV-5253, 2011 WL 3793413, at *5 (N.D. Ill. Aug. 23, 2011).

Here, Plaintiff does not plead even conclusory allegations to support her municipal liability claim. Plaintiff argues, however, that the inference can be made from her allegations that she bases her claim on Wuertz's position as a decision-maker with final policy-making authority for Madison County. Specifically, Plaintiff points to her allegation that Wuertz was the Monroe County Assessor when he terminated Plaintiff's employment. The authority to terminate an

3

employee, however, is not necessarily determinative of final policy-making authority. *See Waters v. City of Chi.*, 580 F.3d 575, 582-83 (7th Cir. 2009). Accordingly, Plaintiff's allegations would not allow Defendants to draw the inference that Plaintiff is relying on Wuertz's final policy-making authority in her municipal liability claim. Absent at least a conclusory allegation to that effect, Defendants do not have fair notice of the claim against them and the grounds upon which it rests.

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 13) without prejudice. Plaintiff is granted leave to file an amended complaint within twenty-one days of the date of this Order.

**IT IS SO ORDERED.**

**DATED:** April 17, 2015

> s/ Staci M. Yandle
> **STACI M. YANDLE**
> **DISTRICT JUDGE**